# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DALE FIELDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 06-CV-0459-CVE-SAJ |
| | ) |
| **PROGRESSIVE PREFERRED** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

This matter comes before the Court pursuant to defendant's Notice of Removal (Dkt. # 2). Plaintiff originally brought this action in the District Court of Tulsa County. Plaintiff's complaint seeks recovery under an uninsured/underinsured motorist policy issued by Progressive Preferred Insurance Company ("Progressive"), and damages for Progressive's breach of the duty of good faith and fair dealing under the insurance contract, breach of contract, and negligence. In the complaint, plaintiff seeks actual and punitive damages in excess of $10,000.[1]

Progressive removed this action to this Court on the basis of diversity jurisdiction. Progressive contends that diversity jurisdiction is properly invoked here because it is a foreign corporation incorporated in Ohio with its principal place of business in Ohio, and Plaintiff is a

---

[1] In Oklahoma, the general rules of pleading require that:

> [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

citizen of Oklahoma. Progressive further contends the federal jurisdictional amount in controversy is met, alleging that:

> Plaintiff seeks recovery of an amount that exceeds $75,000.00, exclusive of costs and interest. See Okla. Stat. Tit. 23 § 9.1 (B) (authorizing, upon a finding of reckless conduct, the jury award to punitive damages in an amount which is the greater of either $1000,000.00 or actual damages); Okla. Stat. Tit. 23 § 9.1(C) (authorizing, upon a finding of intentional and malicious conduct, the jury to award punitive damages in an amount which is the greater of either (a) $500,000.00, (b) twice the amount of actual damages awarded, or (c) the increased financial benefit derived by the insurer as a direct result of the conduct causing the injury to plaintiff and to other persons and entities). By making these specific allegations of intentional, reckless and malicious conduct, Plaintiff quite clearly seeks recovery of an amount which exceeds $75,000.00, exclusive of costs and interest.

Dkt # 2, Notice of Removal, at 3.

Section 1447 requires that a case be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Initially, the Court notes that federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on

2

>   the party requesting removal to set forth, in the notice of removal itself, the "<u>underlying facts</u> supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

<u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., <u>Hughes v. E-Z Serve Petroleum Marketing Co.</u>, 932 F. Supp. 266 (N.D. Okla. 1996) (applying <u>Laughlin</u> and remanding case); <u>Barber v. Albertson's, Inc.</u>, 935 F. Supp. 1188 (N.D. Okla. 1996) (same); <u>Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co.</u>, 932 F. Supp. 264 (N.D. Okla. 1996) (same); <u>Herber v. Wal-Mart Stores</u>, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same); <u>Homolka v. Hartford Ins.. Group, Individually and d/b/a Hartford Underwriters Ins.. Co.</u>, 953 F. Supp. 350 (N.D. Okla. 1995) (same); <u>Johnson v. Wal-Mart Stores, Inc.</u>, 953 F. Supp. 351 (N.D. Okla. 1995) (same); <u>Maxon v. Texaco Ref. & Marketing Inc.</u>, 905 F. Supp. 976 (N.D. Okla. 1995) (same).

Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." <u>Laughlin</u>, 50 F.3d at 873; <u>see also</u> <u>Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A.</u>, 988 F.2d 559, 565 (5th Cir. 1993) (finding defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and costs" did not establish that removal jurisdiction was proper); <u>Gaus v. Miles, Inc</u>, 980 F.2d 564 (9th Cir. 1992) (mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of <u>Laughlin</u> requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also <u>facts</u> underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction at the time of removal, and not by supplemental submission. <u>Laughlin</u>, 50 F.3d at 873. <u>See</u> <u>Herber</u>, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). The Tenth Circuit has clearly stated what is required to satisfy that burden. As set out in <u>Johnson v. Wal-Mart Stores, Inc.</u>, 953 F. Supp. 351 (N.D. Okla. 1995), if the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000.00, then the rationale of <u>Laughlin</u> contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with <u>underlying facts</u>.

In the instant case, in his complaint, plaintiff has asserted claims for both contractual and extra-contractual damages, including financial losses, mental pain and suffering, lost wages, and punitive damages in excess of $10,000. In its notice of removal, Progressive attempts to set forth specific facts that demonstrate the federal amount in controversy has been met. Specifically, Progressive asserts in its notice of removal that the amount in controversy is in some way established by the policy limits of $100,000 under the Progressive uninsured/underinsured motorist

policy. It is not clear from the face of the complaint that plaintiff is seeking this amount and Progressive fails to set forth any underlying facts to support this assertion.[2]

Progressive further asserts that the amount in controversy is established by plaintiff's claim for punitive damages, which punitive damages are limited by Oklahoma law to "$500,000 or twice actual damages, which ever is greater." Again, invocation of state law limits on punitive damages does not establish the underlying facts necessary to fix the amount in controversy required under 28 U.S.C. § 1332(a).

The Court finds that Progressive's conclusory statements do not constitute an analysis of the alleged damages as contemplated by the Tenth Circuit in Laughlin. The Court concludes that removal is improper on the basis of diversity jurisdiction since it has not been established, either in plaintiff's complaint or in Progressive's notice of removal, that the amount in controversy here exceeds $75,000.

Based upon a review of the record, the Court holds that Progressive has not met its burden as defined in Laughlin. Thus, the Court is without subject matter jurisdiction and lacks the power to hear this matter. As a result, the Court must remand this action to the District Court of Tulsa County. Accordingly, the Court hereby orders the Court Clerk to **remand** this case to the District Court in and for Tulsa County.

---

[2] The Court notes that the policy limits of the subject insurance contracts, without more, do not bear a relationship to plaintiff's claims against Progressive, and therefore cannot affirmatively establish the actual amount in controversy between plaintiff and defendants. See, e.g., Graf v. Safeco Ins. Co., 977 F. Supp. 971, 972 (E.D. Mo. 1997); Darbet, Inc. v. Bituminous Casualty Corp., 792 F. Supp. 487, 489 (S.D. Va. 1992); Warth v. State Farm Fire & Casualty Co., 792 F. Supp. 101, 103 (M.D. Fla. 1992).

**IT IS SO ORDERED** this 12th day of September, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT